**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LANA UNLIMITED COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 17-cv-5116 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| DANA REED, DANA REED DESIGNS, INC. | ) | |
| and JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR VIOLATION OF THE LANHAM ACT SECTION 43(A);
VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT;
VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS
PRACTICES ACT; AND BREACH OF CONTRACT**

Plaintiff Lana Unlimited Company d/b/a Lana Jewelry ("Lana Jewelry" or "Plaintiff"), as and for its Complaint against Defendants Dana Reed ("Reed"), Dana Reed Designs, Inc. ("Dana Reed Designs" and, collectively with Reed, the "Dana Reed Defendants"), and John Does 1 through 50, alleges as follows:

**NATURE OF THE ACTION**

1.  Lana Jewelry brings this lawsuit against the Dana Reed Defendants and their customers in response to the flagrant infringement of Lana Jewelry's protected trade dress in its iconic Blake Necklace designs and Upside Down Hoop designs, and the Dana Reed Defendants' ongoing breaches of a settlement agreement with Lana Jewelry regarding the Dana Reed Defendants' marketing of their so-called "Pisces" earring.

2.  Lana Jewelry, founded in 2002 by celebrated designer Lana Bramlette, is a world-class producer of innovative and distinctive fine gold jewelry. Lana Jewelry's award-winning designs are worn by celebrities and regularly featured in international fashion magazines. Lana

Jewelry's designs are available at such well-known, national retailers as Neiman Marcus, Bergdorf Goodman, Saks Fifth Avenue, Nordstrom and Bloomingdales.

3.     Seeking to capitalize on Lana Jewelry's phenomenal success, the Dana Reed Defendants have manufactured and marketed an entire line of inferior imitation jewelry that copies Lana Jewelry's distinctive look.  With this action, Lana Jewelry sends the message loud and clear:  counterfeiters and knock-off artists will not be tolerated.

## PARTIES

4.     Plaintiff is an Illinois corporation with its principal place of business located in Chicago, Illinois.

5.      Upon information and belief, Defendant Reed is the owner of Defendant Dana Reed Designs, and has at all relevant times directed and controlled the complained of activities by Defendant Dana Reed Designs.

6.     Defendant Dana Reed Designs is an Illinois corporation with an address at 355 N. Laflin Street, Studio 310, Chicago, Illinois 60607.

7.     Upon information and belief, Defendants John Doe 1 through 50 are retailers to whom Dana Reed sold infringing products.

## JURISDICTION AND VENUE

8.     This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. § 1125; the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 §§ 505/1, *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (claims under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (unfair competition related to Lanham Act claims) and 28 U.S.C. § 1367 (supplemental jurisdiction).

9.      This Court also has jurisdiction over the breach of contract claim pursuant to the forum selection clause in the subject agreement between Lana Jewelry and the Dana Reed Defendants.

10.      Personal jurisdiction over the Dana Reed Defendants is proper because Dana Reed Designs is a corporation organized under the laws of the State of Illinois; Reed, on information and belief, resides in the State of Illinois; and the Dana Reed Defendants conduct business from their principal place of business, which is located in the State of Illinois.  The Dana Reed Defendants have also consented to submit to the jurisdiction of the Courts located in Chicago, Illinois in any lawsuit brought in connection with the subject agreement.

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the parties reside within this District, a substantial part of the events giving rise to the claims alleged herein occurred in this District, and each party is subject to personal jurisdiction in this District.

**LANA JEWELRY'S RIGHTS IN AND TO ITS
BLAKE NECKLACE TRADE DRESS AND
UPSIDE DOWN HOOP TRADE DRESS**

12.      Founded in 2002, Lana Jewelry is one of the nation's leading designers and manufacturers of sleek, modern, fine gold jewelry.  Each product is designed by its founder, Lana Bramlette.  Lana Jewelry's products are now carried in more than 300 stores worldwide.

13.      Lana Jewelry has developed various distinctive lines of jewelry designs that have become uniquely associated with it.  One such collection is its signature collection of hoop earrings that feature thin, oblong gold hoop earrings with overlapping ends.  Examples of these products, marketed under the designation "Upside Down Hoops" are shown below.



*Plaintiff's Large Upside Down Hoops*          *Plaintiff's Small Flat Upside Down Hoops*



*Plaintiff's Flawless Narrow Upside Down Hoops*

14.    Lana Jewelry also offers a collection of necklaces that features unique combinations of elements formed from flat, shiny interlocking links.  Examples of Lana Jewelry's "Blake Necklace" trade dress are shown below.



*Plaintiff's Nude Reverse Blake Necklace*          *Plaintiff's Multi Nude Blake Necklace*

15.     Lana Jewelry has enjoyed tremendous success and has earned numerous accolades for the pieces in its Upside Down Hoops and Blake Necklace collections.  Lana Jewelry pieces featuring the Upside Down Hoops and Blake Necklace trade dress are sold by exclusive retailers, including Neiman Marcus, Bergdorf Goodman, Nordstrom, Bloomingdales, and Intermix, as well as many traditional jewelry stores and specialty shops.

16.     Lana Jewelry's designs have received extensive media coverage, and have been prominently featured in magazines in the United States and throughout the world, including, *Vogue, Glamour*, *ELLE, Couture, SELF*, *Women's Health*, *Shape*, *GQ*, *Marie Claire*, *Harper's Bazaar*, *Billboard Magazine*, and *People Style Watch*.  Given the notoriety of Lana Jewelry's products, international entertainment and sports celebrities are often photographed wearing jewelry featuring the iconic Upside Down Hoops and Blake Necklace trade dress, including Cameron Diaz, Jennifer Lopez, Jessica Alba, Eva Longoria, Diane Kruger, Emmanuelle Chriqui, Kate Upton, Gabrielle Union, and Sheryl Crow.

17.     A necklace from Lana Jewelry's Blake Necklace collection was prominently featured as a piece worn by Cameron Diaz in the film *The Other Woman*.  The Blake Necklace collection has been so closely associated with the popular film that an emoji based on Ms. Diaz's character, Carly, wears the necklace from the Blake Necklace collection.

18.     As a result of this tremendous success, the Upside Down Hoops and Blake Necklace trade dress, and the goodwill they represent, are extremely valuable assets.

## THE DANA REED DEFENDANTS AND THEIR WRONGFUL ACTS

19.     The Dana Reed Defendants are in the business of manufacturing and marketing jewelry pieces that directly compete with those marketed by Lana Jewelry.

20.     In or about 2013, Lana Jewelry learned that the Dana Reed Defendants were marketing jewelry using trade dress that simulates Lana Jewelry's Upside Down Hoops trade

dress. Specifically, like Lana Jewelry, the Dana Reed Defendants have marketed thin, oblong gold hoop earrings with overlapping ends, under the name "Pisces."

21.     Lana Jewelry objected to the Dana Reed Defendants' sale and marketing of the Pisces earrings (shown on the right below), which imitate Lana Jewelry's Upside Down Hoop trade dress (shown on the left below). The image on the right of the Dana Reed Defendants' earrings is currently shown on the Dana Reed Defendants' website at, www.danareeddesigns.com.




*Plaintiff Lana Jewelry*                    *The Dana Reed Defendants*

22.     On or about May 24, 2013, Lana Jewelry and the Dana Reed Defendants entered into a settlement agreement (the "Agreement"; Exhibit A hereto) by which the Dana Reed Defendants agreed "not to produce, distribute, market, display, sell, offer for sale or otherwise use any earrings that infringe upon Lana [Jewelry's] rights in the Upside Down Hoop earring," (*id.* at ¶ 1), and Lana Jewelry granted the Dana Reed Defendants a limited license solely "to market and sell the New Pisces earring design . . . consisting of and marketed as a fish design

earring with overlapping ends, one end of which is noticeably flattened" (*id.* at ¶ 3), shown below.



23.     The Dana Reed Defendants continue to market and sell the original Pisces earring design to which Lana Jewelry objected (*see* ¶ 21, *supra*), in violation of the Agreement and Lana Jewelry's rights in the Upside Down Hoop trade dress.  The Dana Reed Defendants do not market the Pisces earring as a "fish design earring" in accordance with the Agreement.

24.     In addition, the Dana Reed Defendants are marketing their knock-off products under the nearly-identical and confusingly similar mark "FLANA."  The Dana Reed Defendants' "FLANA" earrings (shown on the right below), which imitate Lana Jewelry's Upside Down Hoop trade dress (shown on the left below), are currently offered for sale by the Dana Reed Defendants through Amazon.com.





***Plaintiff Lana Jewelry***                    ***The Dana Reed Defendants' FLANA Earrings***

25.     Lana Jewelry recently learned that the Dana Reed Defendants are marketing jewelry using trade dress that simulates Lana Jewelry's Blake Necklace trade dress.

26.     Specifically, like Lana Jewelry, the Dana Reed Defendants use combinations of elements formed from flat, shiny interlocking links.  Shown below are examples of the Dana Reed Defendants' jewelry pieces (shown on the right below) that imitate Lana Jewelry's Blake Necklace trade dress (shown on the left below).





*Plaintiff Lana Jewelry*                                    *The Dana Reed Defendants*





*Plaintiff Lana Jewelry*                                    *The Dana Reed Defendants*

27.     As shown in the image below, the Dana Reed Defendants market and sell the infringing Blake Necklace designs and Pisces designs together.



28.     In addition, the Dana Reed Defendants operate a retail boutique at The Shops at North Bridge, a shopping center located on the famed Magnificent Mile in Chicago, where some of Lana Jewelry's retailers, including Nordstrom, are also located.

29.     Upon information and belief, the Dana Reed Defendants had actual knowledge of Lana Jewelry's prior use of the Upside Down Hoops and Blake Necklace trade dress when they adopted their copies of those designs.

30.     Upon information and belief, the Dana Reed Defendants intentionally adopted confusingly similar trade dress in order to trade off of Lana Jewelry's goodwill and obtain a salability for their products that they otherwise would not have.

31.     Upon information and belief, the Dana Reed Defendants willfully and knowingly breached the Agreement by marketing and selling earrings imitating Lana Jewelry's Upside Down Hoops trade dress.

32.     Upon information and belief, the Dana Reed Defendants had actual knowledge of Lana Jewelry when they began marketing and selling earrings imitating Lana Jewelry's Upside Down Hoops trade dress under the confusingly similar "FLANA" mark.

33.     Upon information and belief, the Dana Reed Defendants intentionally adopted the confusingly similar "FLANA" mark in order to trade off of Lana Jewelry's goodwill and obtain a salability for their products that they otherwise would not have.

34.     The Dana Reed Defendants have failed or refused to comply with Lana Jewelry's demands to cease and desist their use of the infringing designs.

35.     Upon information and belief, the Dana Reed Defendants sold their infringing products to Defendants John Doe 1 through 50, whose subsequent sales constitute independent acts of infringement.

36.     Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on the goodwill associated with Lana Jewelry's Upside Down Hoops and Blake Necklace trade dress.

### FIRST CLAIM FOR RELIEF

**(False Designation of Origin
Pursuant to 15 U.S.C. § 1125(a))**

37.     Lana Jewelry incorporates by reference Paragraphs 1 through 36 above.

38.     Defendants have made and are making false representations, false descriptions, and false designations of origin of Defendants' products in violation of 15 U.S.C. § 1125(a) that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the consuming public and to injure Lana Jewelry's good will and reputation as symbolized by its Upside Down Hoops and Blake Necklace trade dress.

39.     On information and belief, Defendants have acted with full knowledge of Lana Jewelry's use of, and statutory and common law rights to, the Upside Down Hoops and Blake Necklace trade dress, and without regard to the likelihood of confusion of the public created by those activities.

40.     On information and belief, Defendants adopted and used the FLANA mark with full knowledge of the existence of Lana Jewelry, and with the intent to obtain a commercial advantage that Defendants otherwise would not have had.

41.     These acts constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

42.     Defendants also have engaged in common law unfair competition.

43.     Because of Defendants' unlawful actions, Lana Jewelry has suffered and continues to suffer irreparable harm, including, but not limited to, detriment to and diminution in value of its Upside Down Hoops and Blake Necklace trade dress, for which there is no adequate remedy at law.  Accordingly, Lana Jewelry is entitled to injunctive relief under 15 U.S.C. § 1116.

44.     Lana Jewelry has also suffered and continues to suffer injury and is entitled to recover all damages sustained by Defendants' actions, all profits realized by Defendants as a result of their infringement, and costs of suit, pursuant to 15 U.S.C. § 1117.

45.     By reason of Defendants' willful acts of false designation of origin, Lana Jewelry is entitled to damages and the trebling of its damages pursuant to 15 U.S.C. § 1117.

46.     By reason of Defendants' acts, this is an exceptional case making Lana Jewelry eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

**(Deceptive Trade Practices and Consumer Fraud and Deceptive Business Practices
Pursuant to 815 ILCS §§ 510/1, *et seq*. and 815 ILCS §§ 505/1, *et seq*.)**

47.     Lana Jewelry incorporates by reference Paragraphs 1 through 46 above.

48.     Defendants have knowingly and willfully engaged in deceptive trade practices
within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS (1992)
510/1 *et. seq*. by causing likelihood of confusion or misunderstanding as to the source, origin, or
sponsorship of the parties' respective products or services; causing likelihood of confusion or of
misunderstanding as to the affiliation, connection, or association of Defendants or their products
with Lana Jewelry products; and using deceptive representations or designations of origin in
connection with Defendants' products.

49.     The unauthorized use by Defendants of the Lana Jewelry's Upside Down Hoops
and Blake Necklace trade dress, and the confusingly similar "FLANA" mark, is causing and is
likely to cause substantial injury to the public and to Lana Jewelry, and Lana Jewelry has no
adequate remedy at law for this injury.  Lana Jewelry is entitled to injunctive relief and to an
award of its attorneys' fees under 815 ILCS (1992) 513.

## THIRD CLAIM FOR RELIEF

**(Breach of Contract against the Dana Reed Defendants)**

50.     Lana Jewelry incorporates by reference Paragraphs 1 through 49 above.

51.     Lana Jewelry and the Dana Reed Defendants are parties to the Agreement, which
is a valid and enforceable contract.

52.     Lana Jewelry has complied with all of its obligations under the Agreement.

- 12 -

53.     As alleged above, the Dana Reed Defendants have breached the Agreement by, among other things, marketing and selling earrings, including the "Pisces" and "FLANA" earrings, that infringe upon Lana Jewelry's rights in and to the Upside Down Hoop earring.

54.     As a result of the Dana Reed Defendants' breaches, Lana Jewelry has been damaged in an amount to be determined at trial.  As explicitly provided for in the Agreement, Lana Jewelry is entitled to recover its attorneys' fees incurred in suing to obtain the Dana Reed Defendants' compliance.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.     That the Court enter judgment against Defendants that:

    a.     Defendants infringed the rights of Plaintiff in Plaintiff's Upside Down Hoops trade dress and Blake Necklace trade dress in violation of 15 U.S.C. § 1125, and state and common law; and

    b.     Defendants engaged in deceptive acts and practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1, *et seq.* and 815 ILCS §§ 505/1, *et seq.*

2.     That the Court enter judgment against Defendants that the above acts, 1(a)-(b), were willful and intentional, making this an exceptional case.

3.     That the Court grant temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants, and their officers, agents, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or in participation with or affiliated with any of them, jointly and severally:

    a.     From using Lana Jewelry's Upside Down Hoops or Blake Necklace trade dress on or in connection with jewelry or related products, or any other copy or colorable imitation of Plaintiff's Upside Down Hoops or Blake Necklace trade dress;

b.      From using the mark FLANA or any other marks that are confusingly similar to Plaintiff's Lana Jewelry name and mark on or in connection with any jewelry or related products;

c.      From representing by any means whatsoever, directly or indirectly, that any products sold or services rendered by Defendants are associated with, sponsored by, and/or connected or affiliated with Plaintiff, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of purchasers as to the origin or sponsorship of Defendants' products or services;

d.      From passing off, palming off, or assisting in passing off or palming off, Defendants' products as those of Lana Jewelry, or otherwise continuing any and all acts of infringement, unfair competition, and deceptive trade practices as alleged in this Complaint;

e.      From otherwise competing unfairly with Lana Jewelry in any manner or engaging in deceptive conduct;

f.      From continuing to perform in any manner whatsoever any of the acts complained of in this Complaint; and

g.      From causing, engaging in or permitting others to do any of the aforesaid acts.

4.      That the Court direct Defendants to file with the Court and serve on counsel for Plaintiff within thirty (30) days after the entry of any preliminary or permanent injunction issued by the Court in this action, a sworn written statement as provided in 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with the injunction.

5.      That the Court require Defendants to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing trade dress that is confusingly similar to Lana Jewelry's Upside Down Hoops and Blake Necklace trade dress and/or bearing the FLANA name or mark.

6.      That Plaintiff be awarded actual or statutory damages for Defendants' unfair competition under the Lanham Act, as well as for deceptive conduct under Illinois law.

7.      That Plaintiff be awarded all profits resulting from Defendants' infringement of Plaintiff's rights and by means of Defendants' deceptive conduct.

8.      That Plaintiff be awarded damages resulting from the Dana Reed Defendants' breach of contract in an amount to be determined at trial, together with Plaintiff's actual attorneys' fees and costs in connection with this action.

9.      That damages resulting from Defendants' infringement and unfair competition under the Lanham Act be trebled in accordance with the provisions of 15 U.S.C. § 1117.

10.     That Defendants be ordered to account for and disgorge to Plaintiff all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of herein.

11.     For pre-judgment interest on all damages.

12.     That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, Illinois law, the Agreement, and any other applicable provision of law.

13.     That the Court award Plaintiff its costs of suit incurred herein.

14.     For any such other or further relief as the Court may deem just and proper.


Dated: July 11, 2017                    LOEB & LOEB LLP


                                        By:/s/ Douglas N. Masters
                                            Douglas N. Masters
                                            Sara J. Crisafulli (*Pro Hac Vice* Forthcoming)
                                            Loeb & Loeb LLP
                                            321 North Clark Street, Suite 2300
                                            Chicago, Illinois  60654
                                            Tel:  (312) 464-3100
                                            Fax:  (312) 464-3111

                                            *Attorneys for Plaintiff*
                                            *Lana Unlimited Company*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all issues in connection with this action.


Dated: July 11, 2017                    LOEB & LOEB LLP


By: /s/ *Douglas N. Masters*
    Douglas N. Masters
    Sara J. Crisafulli (*Pro Hac Vice* Forthcoming)
    Loeb & Loeb LLP
    321 North Clark Street, Suite 2300
    Chicago, Illinois  60654
    Tel:  (312) 464-3100
    Fax:  (312) 464-3111

    *Attorneys for Plaintiff*
    *Lana Unlimited Company*